IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JESSIE DOMENIQUE JEFFERSON                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 2:19-cv-92-KS-MTP

NATHAN COOK, individually
and as an Officer of Columbia Police Department, and
CITY OF COUMBIA, MISSISSIPPI                                            DEFENDANTS

## PLAINTIFF'S ORIGINAL COMPLAINT

*JURY TRIAL DEMANDED*

Jessie Domenique Jefferson, ("Plaintiff") herein files this Complaint against the Defendant, Nathan Cook, individually as an officer for the Columbia Police Department, and City of Columbia, Mississippi and presents the following in support:

## PARTIES

1. The Plaintiff is an adult resident citizen of Hinds County, Mississippi his address being 470 Mason Boulevard. Jackson, MS 39212.

2. Upon information or belief, the Defendant Nathan Cook ("Cook"), is an adult resident citizen of Marion County, Mississippi who may be served with process at his residence or place of employment.

3. The Defendant, City of Columbia, Mississippi, is a political subdivision of the State of Mississippi and may be served with process upon City Clerk for the City of Columbia, 201 2nd Street, Columbia, MS 39429 Pursuant to the *Mississippi Tort Claims Act*, City of Columbia is personally liable for the acts of Cook while he was acting in course and scope of his

1

employment as an officer at Columbia Police Department. City of Columbia is only being named sued pursuant to the Mississippi Tort Claims act at this time.

## JURISDICTION

4. This action is brought pursuant to 42 USC §1983, 42 USC §1988, the 4th, 8th and 14th Amendments to the United States Constitution, as well as all corresponding sections of the Mississippi Constitution. Original Jurisdiction is founded upon and the previously mentioned statutory and constitutional provisions. The Plaintiff has suffered deprivation of certain Federal Constitutional rights, as applied to the States through the Due Process Clause of the 5th and 14th Amendment to the United States Constitution, which include, but are not limited to, the right to be free from the excessive use of force, the right to be free from unreasonable seizures, and the right to be free from deprivations of life and liberty that occur without due process of law. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under State law against the Defendant, City of Columbia.  The state law claims include, but are not limited to, excessive force under the Mississippi Tort Claims Act.

5. At all relevant times hereto Cook acted under color of state law and in his capacity as an officer at Columbia Police Department and by the authority granted to him as a law enforcement officer for City of Columbia, Mississippi. At all times Cook's actions were in violation of clearly established law, objectively unreasonable, and committed with deliberate indifference against the Plaintiff.

6. The Defendant City of Columbia is personally liable for any acts committed by Cook which violate the Mississippi Tort Claims Act and is sued only for that claim at this time.

## VENUE

7.     Venue is proper in this District pursuant to 28 U.S.C. 1391 (b) and 1393 (a) as the Plaintiff and at least one Defendant reside in this District and all the claims asserted arose in this District.

## FACTUAL ALLEGATIONS

8.     In October 2018 the Plaintiff was living in Columbia, Mississippi. At the time of the incident in question the Plaintiff was homeless and unemployed.  Sometime prior to October 14, 2018 the Plaintiff was playing a dice game with some friends. The Plaintiff decided to "cash out" and received a $100 bill. The Plaintiff had not eaten in a while, so he immediately went to The Shed, a local restaurant, to get something to eat. After ordering, he paid with the $100 bill. The female who took the money checked the $100 bill and confirmed it was "good" but told the Plaintiff she had to take it to the bank first. After she left, the Plaintiff became concerned that the bill was counterfeit so he left the business. While walking down the road, the lady from The Shed pulled up and told him everything was okay and he could come back and get his food. The Plaintiff returned to The Shed and saw a police officer waiting. The Plaintiff then went into a nearby Piggly Wiggly. The officer must have seen the Plaintiff because he too entered the Piggly Wiggly. The Plaintiff went up to the officer and said, "I'm who you are looking for". The Plaintiff was arrested and taken to the Columbia Police Department.

9.     At the Columbia Police Department, the Plaintiff was approached by Cook and Ryan Williams who are, upon information and belief, employed by the City of Columbia as police officers. They wanted the Plaintiff to wear a wire and "set up" individuals on drug buys. The Plaintiff did not wish to cooperate and told the officers that he was not aware that the $100 bill was counterfeit. The Plaintiff simply wanted to have a bond set so that he could leave. The Plaintiff was then taken to jail.

10. The next morning, The Plaintiff asked jail personnel if he had a bond set. The jail personnel informed the Plaintiff that he had to meet with Cook and Williams first. The Plaintiff was then taken back to meet with Cook and Williams. The Plaintiff agreed to wear the wire and was given $60 as "buy money". However, the Plaintiff had no intention of cooperating due to fear of retribution from those he would have to "setup".

11. The Plaintiff was driven away from the station and released. As soon as the officers released the Plaintiff and he was out of sight, he took off the wire. The Plaintiff hid for several days until he was finally apprehended on or around October 14, 2018 by Sgt. Adrian Fortenberry and Officer Jacob Powell, both of whom are employed by the City of Columbia as police officers. Fortenberry called Cook and advised him that the Plaintiff was in custody and Cook asked if he would transport him to the Columbia Police Department.

12. The Plaintiff was taken to the Columbia Police Department and Cook took him into custody. Cook took the Plaintiff into an office and closed the door. Cook then zip tied the Plaintiff to a pole and struck him with a yard stick so hard that it broke. Cook then got a chair and placed the legs on the Plaintiff's feet. Cook sat in the chair causing the Plaintiff to experience excruciating pain in his feet. Cook also aimed a black Smith and Wesson revolver to the Plaintiff's head and threatened his life. Cook told the Plaintiff "I should shoot you and say you reached for it." These exact facts were set forth in a letter sent to the City of Columbia Chief of Police on October 23, 2018 by Columbia Police Officer William L. Herrington. Cook then called Williams on his cell phone and informed him that he had the Plaintiff in custody. Cook berated the Plaintiff with racial slurs and even took a picture of himself with the Plaintiff and sent it to Williams. Throughout this encounter the Plaintiff feared for his life and thought Cook was going to kill him or cause him serious bodily harm.

13. After the Plaintiff's ordeal, Cook asked Officer Powell to transport him to the Marion Walthall County Jail. According to a statement by Officer Powell, the Plaintiff was crying and saying, "they are going to kill me". Officer Powell asked the Plaintiff to stand up, but he had difficulty due to extreme back pain caused by Cook's actions. Officer Powell noted in his statement that there was nothing wrong with the Plaintiff when he and Sgt. Fortenberry picked him up earlier. Officer Powell took the Plaintiff to the County Jail but after he left, he received a call from dispatch informing him that the Plaintiff was having difficulty urinating and that he could hardly walk.

14. The City allegedly conducted an "investigation" into the Plaintiff's assault. However, the Plaintiff was never contacted to give his side of what happened. The "investigation" appears to have been nothing but a mere subterfuge. City officials not only failed to uncover what happened to the Plaintiff, but it appears they are attempting to cover up what happened. Such actions also constitute a violation of the *Mississippi Tort Claims Act* as well as a violation of the United States Constitution and 42 U.S.C. §1983.

## FIRST CAUSE OF ACTION: VIOLATION OF THE MISSISSIPPI TORT CLAIMS ACT

15. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

16. Plaintiff asserts that Cook's actions are in violation of Mississippi Code Ann. (1972) § 11-46-1, *et seq.,* as they were committed with reckless disregard to the safety and well-being of the Plaintiff, violative of Article III § 23 of the Mississippi Constitution, and constituted the common law the use of excessive force. As Cook was acting in the scope and course of his employment with City of Columbia and the City of Columbia is liable for his actions.

17. Further, the City of Columbia specifically the Chief of Police, was advised by at least two officers about Cook's actions toward the Plaintiff. However, neither the City, Chief of

police, or any other city official took any disciplinary actions against Cook. Such actions also constituted reckless disregard for the Plaintiff's rights.

## SECOND CAUSE OF ACTION: UNCONSTITUTIONAL USE OF EXCESSIVE FORCE AND ILLEGAL SEIZURE PURSUANT TO 42 U.S.C. §1983

18. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

19. Cook's actions constituted excessive and unlawful force and illegal seizure in violation of the Plaintiff's constitutional rights under the 4th, 8th and 14th Amendments and violated 42 U.S.C. §1983. These actions were taken against a citizen who was committing no crime and posed no threat to Cook or any other person. Cook's actions violated clearly established law, were objectively unreasonable, and were committed with deliberate indifference to the Plaintiff.

20. As a direct and proximate result of the above described actions by Cook The Plaintiff's constitutional rights were violated and he has suffered physical and emotional damages.

## DAMAGES

21. The Plaintiff has suffered physical and emotional damages, and continues to do so, as a result of Cook's actions.

## PRAYER FOR RELIEF

The Plaintiff, Jessie Domenique Jefferson, respectfully prays for the following relief:

A. Compensatory damages of, from and against the Defendants, in amount to be determined by this Court.

B.   Punitive damages of, from and against the Defendant Cook in his individual capacity in an amount to be determined by this Court.

C.   Payment of medical expenses.

D.   Payment of all property and financial losses.

F.   Reasonable attorney's fees and all costs of this court.

G.   Pre and post judgment interest.

H.   Such other general and special relief as appears reasonable and just in this cause.

Respectfully submitted this the 20th day of June 2019.

        Respectfully submitted,

        JESSIE DOMENIQUE JEFFERSON

BY:   */s/ Charles R. Mullins*
      CHARLES R. MULLINS

CHARLES R. MULLINS (MB# 9821)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Cmullins@coxwelllaw.com