IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JESSIE DOMENIQUE JEFFERSON                                            PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 2:19cv92-KS-MTP

NATHAN COOK, individually and
as an Officer of Columbia Police Department,
and CITY OF COLUMBIA, MISSISSIPPI                              DEFENDANTS

### ANSWER AND DEFENSES OF THE CITY OF COLUMBIA, MISSISSIPPI TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, the City of Columbia, Mississippi, by and through counsel, and first asserting all available defenses pursuant to Fed. R. Civ. P. 12(b)(6), submit this, its Answer and Defenses to Plaintiff's First Amended Complaint, in the above styled and numbered cause, in response to the Amended Complaint filed herein against it, as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a cause of action against this answering defendant upon which relief may be granted and should, accordingly, be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### SECOND DEFENSE

And now, for further answer to the Amended Complaint, responding in correspondingly numbered paragraphs, this answering defendant would show:

### PARTIES

1. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the plaintiff's averments contained in paragraph 1 of his Amended Complaint; therefore, for purpose of answer, the same are denied.

2. This answering defendant admits only that Nathan Cook (properly Nathaniel Cook) is an adult resident citizen of Marion County, Mississippi, and the remaining averments contained in paragraph 2 of the plaintiff's Amended Complaint are denied.

3. Paragraph 3 of the plaintiff's Amended Complaint appears to state legal conclusions, requiring no response from this answering defendant. To the extent a response is required, this defendant admits only that it is a political subdivision of the State of Mississippi, and, further, based on information and belief, the plaintiff's allegations occurred during a time period that the defendant Cook was in the course and scope of his employment with the City of Columbia Police Department. All remaining averments contained in paragraph 3 of the plaintiff's Amended Complaint are denied, and it is specifically denied that this defendant is liable for any of the claims asserted against it by the plaintiff.

## JURISDICTION

4. This answering defendant denies the plaintiff's averments contained in paragraph 4 of his Amended Complaint.

5. This answering defendant admits only, based on information and belief, that during the time period at issue, the defendant Cook was in his capacity as an officer of the City of Columbia Police Department. The remaining averments contained in paragraph 5 of the plaintiff's Amended Complaint are denied, and it is specifically denied that Cook's actions during the time period at issue were in violation of clearly established law, objectively unreasonable, and committed with deliberate indifference against the plaintiff.

6. Paragraph 6 of the plaintiff's Amended Complaint appears to state legal conclusions, for which no response is required. To the extent a response is required, this

answering defendant denies that any acts allegedly committed by the defendant Cook were in violation of the Mississippi Tort Claims Act and further denies all remaining averments contained in paragraph 6 of the plaintiff's Amended Complaint.

## VENUE

7. Paragraph 7 of the plaintiff's Amended Complaint appears to state a legal conclusion, for which no response is required. To the extent a response is required, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the plaintiff's averments contained in paragraph 7 of his Amended Complaint; therefore, for purpose of answer, the same are denied.

## FACTUAL ALLEGATIONS

8. This answering defendant admits only, based on information and belief, that prior to October 14, 2018, the plaintiff ran into the Piggly Wiggly in an effort to avoid contact with a City of Columbia Police Officer and that a City of Columbia Police Officer did see the plaintiff run into the Piggly Wiggly, and he, too, entered the Piggly Wiggly, and that the plaintiff was placed under arrest after running into the Piggly Wiggly to evade the City of Columbia Police Officer. This answering defendant denies the plaintiff's averments that he went up to a City of Columbia Police Officer and stated, "I'm who you are looking for," and that he was taken immediately to the Columbia Police Department. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 8 of his Amended Complaint; therefore, the same are denied. All averments contained in paragraph 8 of the plaintiff's Amended Complaint which are not specifically admitted or denied are hereby denied.

9. This answering defendant admits that the plaintiff, at his request, was eventually taken to the Columbia Police Department and that Officers Cook and Ryan were employed at the time by the City of Columbia as police officers. This answering defendant denies the plaintiff's averments that "they wanted the Plaintiff to wear a wire and 'set up' individuals on drug buys," as stated; however, this answering defendant does admit that the plaintiff voluntarily approached them and requested to be allowed to assist the Columbia Police Department Narcotics officers as a confidential informant and was allowed to do so. This answering defendant denies all of the remaining averments contained in paragraph 9 of his Amended Complaint. This answering defendant affirmatively states that the plaintiff voluntarily offered to assist the City of Columbia Police Department Narcotics Officers as a confidential informant and requested that he be allowed to meet with said officers for that purpose. All remaining averments contained in paragraph 9 of the plaintiff's Amended Complaint which are not admitted or denied are hereby denied.

10. This answering defendant denies the plaintiff's averments in paragraph 10 of his Amended Complaint that infer he spent a night in the jail as a consequence of his arrest the day before voluntarily agreeing to act as a confidential informant. This answering defendant denies that the plaintiff asked jail personnel "the next morning" if he had a bond set, that jail personnel informed the plaintiff that he had to meet with Cook and Williams before a bond would be set, and this answering defendant further denies that the plaintiff was then taken back to meet with Cook and Williams. This answering defendant admits only that the plaintiff did voluntarily agree to wear a wire and was given $60 as buy money. This answering defendant denies the plaintiff's averments that he had no intention of cooperating due to fear of retribution from those he would

have to "setup."  All averments not specifically admitted or denied are hereby specifically denied.

11. This answering defendant admits only that the plaintiff was driven from the Columbia Police Department and released and that shortly thereafter, when he was out of sight, he took off and destroyed the wire.  This answering defendant denies that the plaintiff hid for several days until he was finally apprehended but does admit, based on information and belief, that he was apprehended on or about October 14, 2018, by City of Columbia Police Officer Adrian Fortenberry, who was then employed by the City of Columbia Police Department, and that Officer Jacob Powell, who was also then with the City of Columbia Police Department, may have assisted.  This answering defendant admits only that Officer Cook was contacted by someone to advise him that the plaintiff was in custody.  All remaining averments contained in paragraph 11 of the plaintiff's Amended Complaint are denied, and any averments not specifically admitted or denied are hereby denied.

12. This answering defendant admits that the plaintiff was taken into custody and transported to the Columbia Police Department, and that Officer Cook did thereafter meet with the plaintiff.  All remaining averments contained in paragraph 12 of the plaintiff's Amended Complaint are denied

13. This answering defendant denies the plaintiff's averments contained in paragraph 13 of his Amended Complaint.

14. This answering defendant admits that an investigation was conducted by it with respect to allegations made by the plaintiff; however, it is specifically denied that the plaintiff was assaulted or had his rights violated in any way by Officer Cook or any other person with the

City of Columbia Police Department. This answering defendant denies the remaining averments contained in paragraph 14 of the plaintiff's Amended Complaint.

### FIRST CAUSE OF ACTION:
### VIOLATION OF THE MISSISSIPPI TORT CLAIMS ACT

15. This answering defendant's responses to the allegations contained in the foregoing paragraphs are repeated and incorporated herein by reference thereto as if fully set forth herein.

16. This answering defendant denies the plaintiff's averments contained in paragraph 16 of his Amended Complaint.

17. This answering defendant denies the plaintiff's averments contained in paragraph 17 of his Amended Complaint.

### SECOND CAUSE OF ACTION:
### UNCONSTITUTIONAL USE OF EXCESSIVE FORCE
### AND ILLEGAL SEIZURE PURSUANT TO 42 U.S.C. § 1983

18. This answering defendant's responses to the allegations contained in the foregoing paragraphs are repeated and incorporated herein by reference thereto as if fully set forth herein.

19. This answering defendant denies the plaintiff's averments contained in paragraph 19 of his Amended Complaint.

20. This answering defendant denies the plaintiff's averments contained in paragraph 20 of his Amended Complaint.

### DAMAGES

21. This answering defendant denies the plaintiff's averments contained in paragraph 21 of his Amended Complaint.

### PRAYER FOR RELIEF

This answering defendant denies all averments contained under the sub-section "Prayer for Relief" of the plaintiff's Amended Complaint, including, but not limited to subparts A, B, C, D, F, G, and H.

### **THIRD DEFENSE**

And now, for further answer to the Amended Complaint and without waiving any other defense here or elsewhere asserted, this answering defendant affirmatively states:

1. This answering defendant affirmatively pleads Rule 12(b)(2) of the Federal Rules of Civil Procedure.

2. This answering defendant affirmatively pleads Rule 12(b)(3) of the Federal Rules of Civil Procedure.

3. This answering defendant affirmatively pleads Rule 12(b)(4) of the Federal Rules of Civil Procedure.

4. This answering defendant affirmatively pleads Rule 12(b)(5) of the Federal Rules of Civil Procedure.

5. This answering defendant affirmatively pleads Rule 12(b)(6) of the Federal Rules of Civil Procedure.

6. This answering defendant affirmatively pleads Rule 12(b)(7) of the Federal Rules of Civil Procedure.

7. This answering defendant affirmatively states that the affirmative defenses contained in the above and foregoing Answer are incorporated herein and made a part of this defense by reference thereto.

8. This answering defendant affirmatively states that it is entitled to all defenses

available to it as set forth in Rules 12(b)(1) through 12(b)(7) of the Federal Rules of Civil Procedure as same may be justified or applicable.

9. This answering defendant is entitled to and hereby asserts all rights, privileges, and immunities otherwise available to a governmental or state actor.

10. This answering defendant affirmatively states that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

11. This answering defendant would affirmatively state that at all times, it acted in good faith and in reliance upon the laws in existence at the time and is entitled to qualified immunity and/or absolute immunity.

12. This answering defendant would affirmatively plead contributory negligence.

13. This answering defendant would affirmatively state that at all times complained of, the plaintiff was guilty of affirmative conduct proximately causing him alleged harms and, accordingly, any recovery herein must be reduced under the applicable principles of comparative negligence or comparative fault or if established to be the sole contributing proximate cause bars his recovery entirely.

14. This answering defendant pleads all immunities available to it and asserts all rights, defenses, privileges, and immunities available to it under applicable state and federal law.

15. This answering defendant would affirmatively state that at all times complained of, it acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, with probable cause, without injurious intent, without evil motive, and are guilty of no wrongful or tortious conduct.

16. This answering defendant would affirmatively state that the plaintiff is not entitled

to punitive damages, including, but not limited to, claims under the laws of the State of Mississippi, and further affirmatively pleads:

    a.    An award of punitive damages in this civil action would amount to deprivation of property without due process of law in violation of the 5th and 14th amendments of the United States Constitution and Section 14 of the Mississippi Constitution;

    b.    No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awarded;

    c.    An award of punitive damages in this civil action would violate the due process provisions of the 5th and 14th amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

    d.    The criteria used for determining whether and what amount of punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in violation of the due process provisions of the 5th and 14th amendments to the United States Constitution;

    e.    An award of punitive damages in this civil action would amount to an excessive fine in violation of the 8th amendment to the United States Constitution and of Section 28 of the Mississippi Constitution;

    f.    An award of punitive damages in this civil action would violate the equal protection provisions of the 14th amendment in that such a sanction is discriminatory and arbitrary in penalizing defendants on the basis of assets;

    g.    To the extent that defendants are subjected to a criminal sanction or sanctions through punitive damages, the burden of proof required to impose the same shall be to prove "beyond a reasonable doubt" and punitive damages should not be awarded without affording defendants the full range of criminal procedure safeguards by the 4th, 5th and 6th amendments to the United States Constitution;

    h.    An award of punitive damages would violate Article 1, Section X of the United States Constitution; and

    i.    The award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution of the State of Mississippi.

17.    This answering defendant would affirmatively state that the plaintiff has suffered no loss or deprivation of any rights, privileges, or immunities afforded him by the United States Constitution or applicable federal or state law and has not pled violation of any clearly

established law or right.

18.     This answering defendant would affirmatively state that no custom, policy or practice attributable to these defendants proximately caused any harm to the plaintiff. This answering defendant would also affirmatively state that no custom, policy or practice evinced or was maintained with deliberate or willful indifference. Additionally and/or alternatively, this answering defendant would further allege that any damage, loss or deprivation to plaintiff, if any, was not proximately caused by any official policy, practice or custom of this answering defendant. Plaintiff's alleged loss, damage or deprivation, the same being denied, was not the proximate result of the execution of any governmental policy, custom or practice attributable to this answering defendant.

19.     This answering defendant would affirmatively state that the factual allegations of the plaintiff's Amended Complaint and the conduct complained of do not violate any clearly established law or rights of the plaintiff determined by the standard of objective reasonableness measured by reference to clearly established law. Further, this answering defendant is not guilty of any deliberate abuse of inherently governmental power but rather had probable cause and lawful justification for all actions undertaken to the extent of their involvement.

20.     This answering defendant would affirmatively state that it is not liable to the plaintiff pursuant to 42 U.S.C. § 1988 as plaintiff is not possessed of a cognizable claim pursuant to 42 U.S.C. § 1983. This answering defendant further affirmatively states that it is entitled to attorneys fees pursuant to 42 U.S.C. § 1988, or otherwise, on the basis that plaintiff's claims are unreasonable, groundless, and in bad faith.

21.     This answering defendant would further state that it, by and through its officers

and employees, acted reasonably and prudently in the exercise of legitimate and lawful justification, and, further, its conduct was performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1993, and, further, the plaintiff has suffered no serious injury, and his allegations do not rise to the level of constitutional tort.

22. This answering defendant would affirmatively plead Miss. Code Ann. § 85-5-7 and states that the plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of his own actions and/or omissions or those of persons for whom this answering defendant is neither liable nor responsible.

23. This answering defendant affirmatively pleads Miss. Code Ann. § 11-1-65.

24. This answering defendant would affirmatively state that it cannot be held liable for damages on the principles of agency or *respondeat superior* for the actions or omissions of any person stated in the Amended Complaint.

25. This answering defendant would affirmatively state that the City of Columbia and its employees, including, but not limited to, the defendant, Officer Nathan Cook (properly Nathaniel Cook), were adequately trained, and no circumstances presented proximately resulted from any inadequate training or supervision.

26. This answering defendant would affirmatively state that it is not guilty of conduct amounting to deliberate indifference to the rights or needs of the plaintiff.

27. This answering defendant would affirmatively state that the plaintiff's alleged injuries were unforeseeable and caused by persons, forces, or entities for which this answering defendant is neither liable or responsible, and such were the result of intervening, superseding

causes.

28. All acts done by the employees of the City of Columbia, including, but not limited to, the City of Columbia Police Department, were done in their official capacities and were reasonable, lawful, appropriate and commensurate with the circumstances existing at the time, and all such acts were done in good faith based upon objectively reasonable belief that their conduct was lawful, reasonable, and appropriate under the circumstances.

29. This answering defendant would affirmatively state that it has not violated the equal rights of the plaintiff under the law pursuant to 42 U.S.C. § 1981.

30. This answering defendant affirmatively states that the plaintiff has failed to join a party under Rule 19 in conformity with Rule 12(b)(7) of the Federal Rules of Civil Procedure.

31. The City of Columbia invokes the doctrine of sovereign immunity.

32. This answering defendant affirmatively states that it has breached no duty owed to the plaintiff in any respect whatsoever.

33. This answering defendant would affirmatively state that the facts having not been fully developed, this answering defendant reserves the right to plead such further affirmative defenses to which it might become entitled.

34. This answering defendant would affirmatively state that the incident complained of was a result of superseding and intervening acts for which this defendant is not liable.

35. The acts complained of did not violate any clearly established rights which a reasonable person would have known.

36. This answering defendant affirmatively asserts and invokes all defenses and rights available to it and set forth in Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, §

11-46-3, § 11-46-5, § 11-46-7, 11-46-9, 11-46-11, 11-46-13, and 11-46-15 (1972), and affirmatively states that it cannot be held liable herein for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party herein.

37.     This answering defendant would affirmatively plead all applicable statutes of limitations and would affirmatively plead that the plaintiff's Amended Complaint is barred by the applicable statutes of limitations, including, but not limited to, § 15-1-49, Miss. Code Ann., 1972, as amended, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, assumption of risk, accord and satisfaction, lack of standing, release, and/or estoppel.

38.     This answering defendant would affirmatively state that the plaintiff's averments do not rise to the level of a violation of a constitutional right; therefore, plaintiff's allegations of threats made against him do not state a cause of action under 42 U.S.C. § 1983, or any other federal statute.

39.     This answering defendant would affirmatively state that the plaintiff lacks standing to bring this civil action.

40.     This answering defendant affirmatively pleads all abstention doctrines which may be applicable to this civil action.

41.     All acts done by the employees of the City of Columbia were done in their official capacities and were reasonable, lawful, appropriate and commensurate with the circumstances existing at the time, and all such acts were done in good faith based upon objectively reasonable belief that conduct was lawful, reasonable, and appropriate under the circumstances.

42.     This answering defendant would affirmatively state that the plaintiff failed to adequately comply with the provisions of the Mississippi Tort Claims Act, Miss. Code Ann. §11-

46-1, *et seq*, including, but not limited to, the notice provisions of Miss. Code Ann. §11-46-11.

43. This answering defendant would assert that the plaintiff has not alleged any claim amounting to a constitutional violation against this answering defendant in their individual capacities, and, as such, all matters complained of are in their official capacities as law enforcement officers with the City of Columbia, Mississippi.

44. This answering defendant would affirmatively state that the City of Columbia and its employees, including, but not limited to, this answering defendant, were adequately trained, and no circumstances presented proximately resulted from any inadequate training or supervision.

45. All acts done by the Columbia Police Department officers, including, but not limited to, this answering defendant, were done in their official capacities and were reasonable, lawful, appropriate and commensurate with the circumstances existing at the time, and all such acts were done in good faith based upon objectively reasonable belief that conduct was lawful, reasonable, and appropriate under the circumstances.

46. This answering defendant would affirmatively state that the plaintiff is not entitled to a jury trial on state law claims as against this defendant and moves the Court to strike any such demand for jury trial, and, further, to bifurcate the trial of state law claims from federal law claims.

47. This answering defendant would affirmatively state that during the time period complained of, the plaintiff was engaged in criminal activity, and, further, has been convicted of criminal behavior.

48. This answering defendant affirmatively plead that Officer Nathan Cook (properly

Nathaniel Cook) is entitled to qualified immunity on state and federal legal grounds.

49.     This answering defendant affirmatively states that the plaintiff refused to obey lawful commands of the officers present, including, but not limited to, Officer Nathan Cook (properly Nathaniel Cook).

50.     This answering defendant would affirmatively states that the plaintiff cannot show injury suffered as a result of excessive force used on the part of this answering defendant.

51.     This answering defendant would affirmatively state that any injury suffered by the plaintiff was the result of his own actions and not those of this answering defendant.

52.     This answering defendant would affirmatively state that there existed probable cause for the plaintiff's arrest and for all actions taken during the time period complained of.

53.     This answering defendant would affirmatively state that the charges filed against the plaintiff as a result of the subject incident have not yet been heard in court and have not been overturned; therefore, there are no grounds for unlawful arrest.

54.     This answering defendant would affirmatively state that its actions were not motivated against the plaintiff's exercise of a constitutionally protected conduct.

55.     This answering defendant would affirmatively state that at no time did any governmental actor acting on behalf of this answering defendant breach any duty that was ministerial in nature, causing any legally cognizable harm to plaintiff, and for that reason, plaintiff's claims are barred.

56.     This answering defendant would affirmatively state that no individual defendant herein is a "policymaker" for the City of Columbia, Mississippi, and that there is no evidence in this case of a policy or custom that deprived plaintiff as a member of a certain class of any right

afforded by the United States Constitution.

57. This answering defendant would affirmatively state that the plaintiff was detained for investigation and that reasonable suspicion of specific criminal activity existed, such that the detention was reasonable and consistent with the requirements of the Fourth Amendment of the United States Constitution. To the extent that plaintiff was arrested, probable cause existed based upon a reasonable belief that a crime had been committed and that plaintiff was guilty of that crime consistent with the requirements of the Fourth Amendment of the United States Constitution.

58. This answering defendant affirmatively states that the criminal conduct of plaintiff constituted the sole proximate cause of any injuries he allegedly sustained and of any damages allegedly resulting therefrom.

59. This answering defendant affirmatively states that punitive damages are not recoverable against the City of Columbia under § 1983. This answering defendant further invokes the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of Miss. Code Ann. § 11-1-65 and 11-46-15(2) (1993) with regard to any claim for punitive damages.

60. This answering defendant is not responsible for any condition of plaintiff that pre-existed the events upon which this Amended Complaint is based.

61. This answering defendant would affirmatively state that all restrictions applicable to the plaintiff herein were rationally related to legitimate objectives and not vague or overbroad as applied to plaintiff.

62. This answering defendant affirmatively pleads Section 11-1-60 of the Mississippi

Code of 1972 regarding limitations on all non-economic damages that may be sought by the plaintiff in this action or considered or awarded by the jury in this action.

63.    This answering defendant would affirmatively state that any and all averments not specifically admitted herein are denied.

                                                  Respectfully submitted,

                                                  CITY OF COLUMBIA, MISSISSIPPI,
                                                  DEFENDANT

                                                  By:     s/ Lawrence E. Hahn
                                                           Of Counsel

Lawrence E. Hahn, MSB No. 8954
McNeese & Hahn, PLLC
P. O. Drawer 948
338 Church Street
Columbia, MS 39429
Telephone: (601) 731-5020
Facsimile: (601) 731-5030
lhahn@mcneesehahn.com

## **CERTIFICATE OF SERVICE**

      I, Lawrence E. Hahn, attorney for the defendants, do hereby certify that I have this day ***electronically filed*** the above and foregoing document with the ***CM/ECF*** system and provided copies of same via electronic filing and by United States Mail, postage prepaid, to the following counsel:

Charles R. Mullins, Esquire
Coxwell & Associates, PLLC
P. O. Box 1337
Jackson, MS 39215-1337
Cmullins@coxwelllaw.com

DATED, this the 13th day of August, 2019.

                                                                        s/Lawrence E. Hahn
                                                                          Attorney for Defendants